1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9

10  LESLY R. SPENCER,

11                              Plaintiff,               CASE NO. 2:15-cv-00020 JRC

12          v.                                           ORDER ON PLAINTIFF'S
                                                         COMPLAINT
13  CAROLYN W. COLVIN, Acting
14  Commissioner of the Social Security
    Administration,
15
                                Defendant.
16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19  Magistrate Judge and Consent Form, Dkt. 6; Consent to Proceed Before a United States

20  Magistrate Judge, Dkt. 7). This matter has been fully briefed (*see* Dkts. 12, 21, 22).

21          After considering and reviewing the record, the Court concludes that this matter

22  should be reversed and remanded for further administrative proceedings. Although the

23  parties agree that the ALJ erred when reviewing plaintiff's fibromyalgia, further

24

1    administrative proceedings would be useful as there are credibility issues and conflicts in

2    the medical evidence that the ALJ should resolve following remand.

3        Therefore, this matter is reversed and remanded pursuant to sentence four of 42

4    U.S.C. § 405(g) to the Acting Commissioner for further administrative proceedings

5    consistent with this order.

6                                          BACKGROUND

7        Plaintiff, LESLY R. SPENCER, was born in 1956 and was 50 years old on the

8    alleged date of disability onset of February 14, 2007 (*see* AR. 344-46, 347-53). Plaintiff

9    graduated from high school, attended college for one year and took some classes years

10   later (AR. 48).  Plaintiff has past work experience as a department manager,

11   cashier/checker and sales clerk (AR. 132-33).  She left her last employment when she felt

12   she just could not do it anymore (AR. 53).

13

14       According to the ALJ, plaintiff has at least the severe impairment of "fibromyalgia

15   (20 CFR 404.1520(c) and 416.920(c))" (AR. 20).

16       At the time of the last hearing, plaintiff was living in an apartment with her two

17   sons, ages 22 and 26 (AR. 49, 59-60).

18                                      PROCEDURAL HISTORY

19       Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42

20   U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42

21   U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

22   following reconsideration (*see* AR. 144-45, 146-47, 148, 149, 150, 151). Plaintiff's

23   requested hearing was held before Administrative Law Judge Verrell Dethloff ("the

24

ALJ") on January 23, 2013 (*see* AR. 44-75). On March 15, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-43). Plaintiff had an earlier hearing (*see* AR. 100-43) in which a different Administrative Law Judge had determined plaintiff was not disabled (*see* AR. 152-77), but the Appeals Council ordered the case remanded for further proceedings and vacated that decision (*see* AR. 173-77). Some of that decision is incorporated by the ALJ into his decision being considered herein.

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Did the ALJ properly evaluate the fibromyalgia of plaintiff; (2) Did the ALJ erroneously reject overwhelming treating-physician opinions; (3) Did the ALJ erroneously rely on overruled out-of-Circuit law; (4) Does substantial evidence support the ALJ's credibility finding; (5) Does substantial evidence support the ALJ's evaluation of third-party-statements; (6) Does substantial evidence support the ALJ's alternative step-five decision; and (7) Does substantial evidence support the ALJ's step-four decision (*see* Dkt. 12, p. 1).

Defendant has requested remand for further proceedings (*see* Dkt. 21, p. 1). Therefore, the parties agree that the ALJ erred in his written decision, which must be reversed (*see id.*). However, plaintiff requests that the matter be reversed and remanded with a direction to award benefits (*see* Dkt. 22).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

2  1999)).

3  <u>DISCUSSION</u>

4  Defendant concedes that "the hearing decision did not appropriately evaluate the

5  impact of plaintiff's fibromyalgia or her drug and alcohol abuse," however contends that

6  "remand is necessary so the Commissioner may order the ALJ to determine the effect of

7  the medical evidence" (Dkt. 21, p. 2). Plaintiff argues that defendant did not address all

8  of her allegations of error and that this matter should be remanded with a direction to

9  award benefits, or alternatively, for a new hearing and a new decision in which the ALJ

10  corrects the errors identified by plaintiff (*see* Dkt. 22).

11

12  Even if the Court agrees with plaintiff regarding all of the alleged errors, such a

13  conclusion is not necessarily dispositive on the issue of whether this matter should be

14  reversed and remanded with a direction to award benefits, or reversed and remanded for

15  further administrative proceedings. Generally, when the Social Security Administration

16  does not determine a claimant's application properly, "'the proper course, except in rare

17  circumstances, is to remand to the agency for additional investigation or explanation.'"

18  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the

19  Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence

20  should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211

21  F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.

22  1996)). It is appropriate when:

23

24

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, defendant concedes point one, however contends that outstanding issues must be resolved before a determination of disability can be made (*see* Dkt. 21, pp. 2-5). As stated recently by the Ninth Circuit:

Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted). Here, the Court concludes that the record as a whole is not free from conflicts, ambiguities or gaps. Plaintiff's entitlement to benefits is not clear. *See id.*

For example, regarding plaintiff's credibility, although the ALJ relied on activities of daily living that are not likely transferable to a work setting and do not contradict necessarily her claim of inability to work full time, the ALJ also noted inconsistencies in plaintiff's allegations and noted other credibility concerns. As noted by the ALJ, plaintiff alleged difficulty with memory recall, but the record demonstrates that she was in the honors program with a grade point average of 3.8/4.0 at college (AR. 23, 25, 32, 468, 727-28). The Court notes the adoption by the ALJ of the note in the prior written decision that Dr. Diana Cook, Ph.D. "reported that the claimant informed her that going to school was a farce, and the only reason she went was to get financial aid" (AR. 32 (*citing* AR.

468)). The ALJ also noted that Dr. Cook included a rule-out diagnosis of malingering, indicating a need to rule out malingering, and noted that "Dr. Cook notated that the claimant might not be responding in a straightforward manner, and presented 'several minor contradictions'"(AR. 20-21 (*citing* AR. 468)). Finally, as noted by the ALJ, when plaintiff was "just wanting pain medication," from PA-C Taddele S. Ambachew after being denied more medication from a doctor, PA-C Ambachew observed that plaintiff "has secondary gain behavior" (*see* AR. 30, 911).

Similarly, although the ALJ erred in his review of the medical evidence and noted findings not inconsistent with fibromyalgia in order to discredit medical opinions based on fibromyalgia, the ALJ also offered some valid reasons for discounting some of the medical opinions. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (footnote omitted) (noting that an ALJ erred in discounting medical opinions based in part on a fibromyalgia diagnosis, and found that the ALJ instead had been "relying on his disbelief of [the claimant's] symptom testimony as well as his misunderstanding of fibromyalgia"); *cf. Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (award of benefits not appropriate if plaintiff "is not in fact disabled"). For example, the ALJ rejected the opinions of Dr. Adam Balkany, D.O, for many reasons, including that his opinions were "inconsistent with the claimant's creditable reported activities" (AR. 27-28 (footnote omitted)). While Dr. Balkany opined that plaintiff could not handle dealing with other people, this is inconsistent with plaintiff's report to Dr. Cook that "she normally gets along with others," a comment noted by the ALJ (AR. 27; *see also* AR. 468 (plaintiff "states 'yeah' when asked if she normally gets along with others")).

Based on a review of the record as a whole, the Court concludes that further administrative proceedings would serve a useful purpose. The ALJ raised valid credibility concerns, there are conflicts in the medical evidence and it is not clear that plaintiff "is [] in fact disabled." *See Garrison*, 759 F.3d at 1021.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

<u>CONCLUSION</u>

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 21st day of July, 2015.

J. Richard Creatura
United States Magistrate Judge